Good morning, Your Honors, and may it please the Court. My name is Anita Kamrykian, and I, along with my co-counsel, Tess Mullen, represent petitioner Mr. Jinhu Zhao. At this time, I would like to reserve two minutes for rebuttal. Just watch the clock, Counsel. Thank you. This case is before you because the agency gave too cursory a look at a very serious persecution and torture claim. Your Honors, I will address the reasons given by the Board for its finding of non-credibility and demonstrate how none of these were supported by substantial evidence. My co-counsel will illustrate that the agency decision suffered due to a poor translation that was so inadequate that it violated Mr. Zhao's due process. Under the Real ID Act, a trier of fact must consider the totality of circumstances and all relevant factors when making a credibility determination. However, this does not give a blank check to insulate a credibility determination from review. Credibility determinations are determined under a substantial evidence standard, and under the standard, credibility findings are upheld unless the evidence compels a contrary result. Your Honors, the evidence here indeed compels a contrary result. First, the Board cited to the immigration judge's finding that Mr. Zhao testified inconsistently in the number of days that he was interrogated. A reasonable fact finder would not find an inconsistency here because no inconsistency existed. The immigration judge believed at one point that Mr. Zhao testified that he was interrogated on five days and that another time he testified that he was interrogated on all six days of detention. However, if we look at the pages that the Board cites, as well as the record in its entirety, at no point does Mr. Zhao testify that he was interrogated on only five days of testimony. Second, Your Honors, the Board erred in adopting the immigration judge's finding of an implausibility in regard to the year in which Mr. Zhao met Mr. Zhang, the man whom he refers to as his middle school teacher, the man who introduced him to Christianity in his adult life. The immigration judge found it implausible that Mr. Zhao met him in his adult life. Under the circumstances, it is unreasonable to determine that Mr. Zhao could not have met Mr. Zhang in his adult life. And it is apparent when we look at the context of this case that Mr. Zhao testified that he met Mr. Zhang when he returned to his village. Mr. Zhao stated this in his written statement for asylum on page 195 of the record. He said Mr. Zhang came back to our village to reside. Therefore, that is the day in which, the year in which he is referring to, Your Honors. Third, the immigration judge erred in, the Board erred in adopting the immigration judge's finding that Mr. Zhao was nonresponsive in his testimony about Christmas. Mr. Zhao asked what the significance of Christmas signifies to him. And Mr. Zhao responded with his belief. Under this Court's jurisprudence, a lack of knowledge of the tenets of Christianity is insufficient to serve as a basis for a credibility finding. In Rand, this Court --- But if a Christian doesn't understand what Christmas is, that's pretty basic, isn't it? Your Honors -- Isn't it enough to put the immigration judge, at least incline the judge to be somewhat suspicious, at the very least? Yes, Your Honor. However, this Court in Rand found that testing an applicant's knowledge of a religious doctrine is an inappropriate method of determining eligibility for asylum. Is Christmas a doctrine? It's not a doctrine. We're not talking about some very esoteric theological issue. We're talking about Christmas Day. Yes, Your Honor. If we look at the context and conditions under which Mr. Zhao learned of Christianity, we would understand and appreciate why it is that he does not know what Christmas signifies. Mr. Zhao learned of Christianity from Mr. Zhang, who is a man who the use of a Bible. The Bible does not once state the word Christmas, and it does not mention Jesus's, the celebration of Jesus's nativity. And furthermore, considering the U.S. Department of State country reports on page 143 of the record, the limitation of Mr. Zhao's knowledge of Christmas and Christianity must be viewed in the light of the stringent regulations of Christianity. Your Honor, as I see it How do we deal with the demeanor finding? Your Honor, the demeanor finding cannot be viewed here because Mr. Zhao, because in the matter of SMJ, an immigration judge may not consider, may not use their extrajudicial knowledge without stating their, without stating their extrajudicial knowledge on the record. The immigration judge must provide specific concogent reasons. The only demeanor finding that was held against Mr. Zhao was that he was unable, that he looked smarter than a farmer, and that is not sufficient for an adverse outcome. Thank you. My co-counsel. You may do so, counsel. Thank you. Good morning, Your Honors, and may it please the Court. My name is Tess Mullin, and I represent the Petitioner Mr. Zhao. Mr. Zhao's removal proceedings suffered from translation that was so inadequate, it violated Mr. Zhao's due process rights and prevented him from fully presenting his case. In he v. Ashcroft, this Court held that if an applicant does not speak English, due process requires the applicant be given competent translation. Two of the Board's reasons for affirming the immigration judge's decision of non-credibility were based on inadequate translation. Turning to the first of these, the Board repeats the immigration judge's misunderstanding that Mr. Zhao was non-credible when he was – that Mr. Zhao's testimony was inconsistent because she thought he said in his written application he was alone when he was interrogated, and she thought that he said in his oral testimony that he was with others. And this misunderstanding occurred because of inadequate translation. On page 81 of the administrative record, Mr. Zhao is asked about his first interrogation, and he explains that the police told him that they needed to beaded all of you. When we look into the surrounding context of his testimony, it's evidence that Mr. Zhao was alone when he was interrogated. Beaded all of you is a nonstandard English sentence indicative that the interpreter did not have adequate translation ability, and this led directly to the immigration judge's finding of non-credibility because she thought it meant more than one person would be beaded rather than Mr. Zhao would be beaded all over his body. So what do we do with the jurisdictional argument, that is, that we can't consider these due process issues because they were not first presented to the Board? Your Honor, this issue was exhausted in Mr. Zhao's brief to the Board in support of appeal on page 9 of the administrative record when he states that he had an inability to articulate key facts, and this Court held in Colmenar that it would overturn a BIA's decision based on due process grounds if the hearing was so fundamentally unfair, the applicant was prevented from reasonably presenting his case, and the Colmenar was a case where the IJ prevented the applicant from presenting the case in the first instance. Here he presented the case, but he claims that there were translation errors. Yes, Your Honor. But an inability to articulate key facts is another way to articulate that he was prevented from fully presenting his case, and in R.C., this Court held that an applicant need not use precise legal terms nor a well-developed argument, and he does not need to use the exact terms due process or translation for this issue to be exhausted. He doesn't need to use those terms, but somehow the BIA would need to divine what his problem was. And he says, well, it was irrational because of the credibility decision. And you read through page 9, which I think we all have pretty carefully, for the life of me, I'm having a little trouble understanding how the BIA would figure out that he had a due process argument. So what is your best language on page 9, do you believe? Well, he states that he had an inability to articulate key facts, which demonstrates that he was another way to articulate that he was prevented from fully presenting his case, which is how we would define due process. But it doesn't say, I'm reading that, Respondent's inability to articulate key facts, he was not credible. But that doesn't raise the issue that somehow or other there's a due process violation, is there? Do you have any other language on page 9? No, Your Honor. We contend that that is his, another way that he articulates that he was prevented from presenting his case. And I would like to reserve them any time for rebuttal. You may do so, Counsel. Thank you, Your Honor. Thank you. We will hear from the Governor. May it please the Court. My name is Nicholas Harling, and I represent the Attorney General of the United States. In this case, Zao has failed to present compelling evidence to support reversing the agency's adverse credibility determination.   The immigration judge's decision as affirmed by the Board cited at least 16 reasons why Zao's testimony was not credible. He testified inconsistently regarding when he first met his religious mentor. He testified inconsistently regarding the circumstances of his arrest and his detention, including where he was arrested, the type of abuse he suffered, whether he was separated or detained with his fellow Christians. He testified inconsistently regarding when he was allegedly threatened with sterilization, how he paid his alleged bail. The I.J. found that he submitted a fraudulent household registry. He was nonresponsive, related to basic questions regarding his religion, which was the sole basis of his asylum claim. He testified inconsistently regarding when he opened his restaurant, why it was a problem that he was not allowed to reopen the restaurant when he admitted earlier, years earlier, he had closed it because he could not turn a profit. He testified inconsistently regarding whether he regularly attended church, whether he was working in the United States. And I believe that sums up the full basis. I'm willing to speak on any of these in detail if the panel has any questions. No questions, counsel. Thank you. Thank you very much.  Response, rebuttal? Counsel, you may proceed. Thank you. You don't have a lot of time, so get to the point. Your Honor, on rebuttal, I will make two very brief points. First, this court reviews only those grounds that are mentioned by the Board of Immigration Appeals, and those are very limited. And of those that the Board brings up, they were both inconsistencies, and Mr. Zhao was not given an opportunity to explain some of the inconsistencies that he did, the immigration judge did use as her holding, and that the BIA then affirmed. Thank you very much, counsel. Thank you, Your Honors. The case just argued will be submitted for decision, but before counsel leaves, I want to express the appreciation of this panel and of our court to the University of Santa Clara Law School, Professor Abreu, and the students who argued here today. Thank you very much.
judges: O'scannlain, Thomas, McKeown